**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION**

CASSANDRA GONZALEZ,

  Plaintiff,

-vs-

USAA GENERAL INDEMNITY
COMPANY,                          CASE NO.: 2023-CA-589

  Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, CASSANDRA GONZALEZ, sues Defendant, USAA GENERAL INDEMNITY COMPANY (herein after "USAA"), and alleges:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. The Fourth Judicial Circuit Court has venue pursuant to Florida Statutes, §47.011 because the cause of action occurred in Duval County, Florida.

## THE PARTIES

3. At all times material to this action, Plaintiff, CASSANDRA GONZALEZ, was a natural person residing in Duval County, Florida.

4. At all times material to this action, Defendant, USAA, is an insurance corporation, was authorized and doing business in Marion County, Florida.

## FACTS

5. On or about September 21, 2021, Plaintiff, CASSANDRA GONZALEZ, was operating a motor vehicle at Atlantic Boulevard in Jacksonville, Duval County, Florida.

6. At that time and place, Carl Drase was operating a motor vehicle at Atlantic Boulevard in Jacksonville, Duval County, Florida.

7. At that time and place, the tortfeasor, Carl Drase, negligently operated and/or maintained the motor vehicle so that it collided with the vehicle containing Plaintiff, CASSANDRA GONZALEZ.

## CLAIM OF CASSANDRA GONZALEZ AGAINST USAA

Plaintiff, CASSANDRA GONZALEZ, reiterates and realleges Paragraphs 1 through 7 as if more fully set forth herein and further alleges:

8. Defendant, USAA was, and is, an unincorporated reciprocal interinsurance exchange.

9. A reciprocal interinsurance exchange is also referred to as a reciprocal insurer, a reciprocal insurance exchange, an interinsurance exchange, an inter-indemnity exchange, or a reciprocal. The most commonly used label is a reciprocal insurance exchange. A reciprocal insurance exchange is an unincorporated association cooperatively owned by those it insures.

10. USAA has members in every state in the United States and is therefore a citizen of every state, including but not limited to, Florida. *E.g., United Servs. Auto Ass'n v. Franke Consumer Prods., Inc.,* 202 WL 368378, at *2 (N.D. Cal. Feb. 3, 2012) (granting USAA's motion to remand based on USAA being a citizen of every state in the United States).

11. USAA issued and delivered to Plaintiff in Florida a policy of insurance that provides, among other things, uninsured/underinsured (UM) benefits (the policy).

12. At all times material hereto Plaintiff, CASSANDRA GONZALEZ, had in force and effect a policy of insurance providing uninsured motorists' coverage with Defendant, USAA.

13. Defendant, USAA, has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

18. This action is brought pursuant to Section 627.727, Fla. Stat., against Defendant, USAA, as the uninsured/underinsured motorist insurer for Plaintiff, CASSANDRA GONZALEZ.

19. Defendant, USAA, is responsible for uninsured/underinsured motorists' benefits as provided in the contract of insurance, specifically, Policy No. 02128 57 32G 7102 0. Alternatively, Defendant is responsible for uninsured motorists' benefits pursuant to Section 627.727, Fla. Stat.

20. That at all times material hereto the tortfeasor, was uninsured/underinsured for the motor vehicle accident that occurred in this case.

21. Plaintiff has furnished Defendant, USAA, timely notice of the automobile accident and proof of the claim for damages described above and has otherwise performed all conditions precedent to entitle recovery under the uninsured portion of the policy but Defendant, USAA, has denied that coverage exists and/or refused to pay Plaintiff the full value of the claim.

22.     As a direct and proximate result of the negligence of tortfeasor, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, CASSANDRA GONZALEZ, will suffer or incur the injuries, expenses and impairment in the future.

WHEREFORE the Plaintiff, CASSANDRA GONZALEZ, demands judgment for damages, fees, costs, prejudgment interest, and any other relief this Court deems appropriate against the Defendant, USAA.  Plaintiff also demands a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 27th day of March, 2023.

*/s/ Devan Hill, Esq.*
Devan Hill, Esquire
FBN 124428
Morgan & Morgan, P.A.
501 Riverside Ave., Suite 1100
Jacksonville, FL 32202
Telephone:    (904) 523-7388
Facsimile:     (904) 523-7439
Email: dhill@forthepeople.com
Email: tgilbert@forthepeople.com
Attorney for Plaintiff